## Commonwealth v. Nestor.

*John H. Maurer*, Assistant District Attorney, for plaintiff.

*Samuel W. Salus*, for defendant.

FLEMING, P. J., 49th judicial district, specially presiding, June 28, 1929.— The matter is before the court on a writ of *habeas corpus*, whereby the defendant and relator seeks his discharge from arrest on a charge of larceny by bailee.

The relator is an officer of the Employment Bureau Corporation and was arrested on a warrant issued upon the information of one Bert Williams. Williams had sought employment through the Employment Bureau Corporation, and, pursuant to a written agreement, deposited certain personal property or effects with the Employment Bureau Corporation as security for the payment of certain charges, to wit, $4.65 for office fee, $6.93 for fare and for boarding at rate of $9.45 per week. The agreement in writing states in part: "I hereby acknowledge and agree that I am now indebted to the Employment Bureau Corporation, and that I have this day deposited with them my suitcase and other baggage and contents, and hereby agree that the said Employment Bureau Corporation shall not be liable in any manner for loss or damage to my said suitcase, baggage or other property while in their possession,

no matter from what cause the said loss or damage may occur, and in the event the said suitcase, baggage or other property is not removed by me within thirty days from the date hereof, and all indebtedness paid, I agree to pay for the storage thereof at the rate of One Dollar ($1.00) per month, and in the event all sums due by me to the Employment Bureau Corporation and all storage on the said suitcase, baggage and other property is not paid within two months from the date hereof, I hereby authorize and empower the said Employment Bureau Corporation to sell the said suitcase, baggage and other property belonging to me in its possession at public sale, at any place within Philadelphia, upon ten days' notice to me by letter mailed to my address as given below, and after advertisement once in one newspaper published in the City of Philadelphia at least five days prior to the time fixed for said sale, and after deducting all sums due the Employment Bureau Corporation and all costs of advertising and sale, to hold the proceeds for my account until demanded by me." The date of such agreement is June 19, 1929, and it was testified at the hearing on the writ by an official of the State Department of Labor and Industry that the provisions of the agreement were approved by said department.

Bert Williams, the prosecutor, had accepted the employment specified at the hands of the Employment Bureau Corporation, permitted it to expend money for his fare to the point where employment had been designated, accepted board at its hands for several days and then quit the job, returned to Philadelphia and demanded the return of his personal property or effects without tendering or paying the sums expended by the Employment Bureau Corporation on his behalf, as stated. Upon its refusal to return such personal property or effects, he caused the arrest of the relator on a charge of larceny by bailee.

We are firmly of the opinion that the facts fail to show the slightest trace of a criminal action and that the relator should be discharged.

This bailment was as a security for a debt unquestionably incurred by the bailor. It was redeemable on certain terms and contained an express power of sale on default. In the Roman law the name applicable to this kind of contract was *pignus*. Under our verbiage, it would be called a pawn as distinguished from an antichresis, the former being where a movable is pledged and the latter where an immovable constitutes the subject of the pledge. There is no question here as to the bailor's authority to pledge, the delivery of the property, the default by the bailor in the terms thereof, nor as to any material fact. In short, the pledge was a valid pledge beyond question. "In the case of a valid pledge, the pledgee acquires a lien on the thing pledged to the extent of the indebtedness secured, which is usually held to continue as long as he retains possession thereof, either actual or symbolic, and the debt which it was pledged to secure remains unpaid:" 21 Ruling Case Law, 651, 652.

The existence of this valid lien on the part of the bailee negatives the existence of intent necessary to establish the refusal to return the pledged goods as a crime. The relator has not been shown to have converted the goods of the prosecutor. On the contrary, it was testified at the hearing that the goods were intact and would be returned to prosecutor upon his compliance with the terms of the pledge. That the prosecutor has not paid or tendered payment is frankly admitted.

If prosecutor has any remedy under existing facts, it is upon the civil side of the court and not here. No crime has been committed and relator is entitled to his discharge.